IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS, ILLINOIS

| | |
|---|---|
| CEDRIC HARMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   3:15-cv-1267-JPG-DGW |
| TROUW NUTRITION, | ) |
| JEFF HORNBERGER, | ) |
| and LUKE ISRINGHAUSEN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO REMAND**

NOW COMES Plaintiff, Cedric Harmon (hereinafter referred to as "Harmon"), by and through his undersigned attorney, Michael Brunton and Brunton Law Offices, P.C., and for his Memorandum in Support of Motion to Remand, states:

**FACTS**

Harmon filed this action in the Third Judicial Circuit Court, Madison County, Illinois against three defendants, Trouw Nutrition (hereinafter referred to as "Trouw"), Jeff Hornberger (hereinafter referred to as "Hornberger"), and Luke Isringhausen, hereinafter referred to as "Isringhausen"). Doc. 1, Ex. A.  Harmon's Complaint consists of nine counts, with the first four counts directed against Trouw.  Doc. 1, Ex. A.  Count I of Harmon's Complaint alleges that Trouw Nutrition subjected Harmon to continuing sexual harassment, discrimination and/or a hostile work environment in violation of the Civil Rights Act, 42 U.S.C. § 2000, *et seq*.  Doc. 1, Ex. A.  Count II of Harmon's Complaint alleges that Trouw Nutrition terminated Harmon and took other adverse employment actions against Harmon in retaliation for Harmon reporting the

discrimination, harassment, and hostile work environment at work, in violation of the Civil Rights Act, 42 U.S.C. §2000, *et seq.* Doc. 1, Ex. A, Par. 13.

On September 30, 2015, the Complaint was served on all three Defendants. Doc. 1, Ex. A, pp. 1-2; Ex. A, B, C.

On November 13, 2015, all three Defendants filed their Notice of Removal claiming that this case involves federal question jurisdiction under 28 U.S.C. § 1331 and alleging that the case is properly removable under 28 U.S.C. § 1441. Doc. 1.

## ARGUMENT

This Court's exercise of jurisdiction is constrained by the rule that the Court must interpret the removal statute narrowly and "presume that the Plaintiff may chose his or her forum," *Doe v. Allied Signal, Inc.*, 985 F.2d. 908, 911 (7th Cir. 1993), (Citing *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982), *cert. denied*, 459 U.S. 1049 (1982)). In addition, any doubt regarding jurisdiction should be resolved in favor of remand to state court: "ambiguities are resolved against removal when doubt exists as to jurisdiction." *Stemmons v. Toyota Tsusho America, Inc.*, 802 F. Supp. 195, 197 (N.D. Ill. 1992); *Accord, Doe,* at 911.

The Defendants invoked jurisdiction by filing a Notice of Removal (Doc. 1), and they would have the burden of supporting the allegations of jurisdictional facts by a <u>preponderance of evidence</u>. *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006).

**I.** **Removal was untimely because the Defendants received the "initial pleading" "through service or otherwise" longer than 30 days before the case was removed.**

28 U.S.C. § 1446, (b) provides the procedure for removal of a case from State Court to Federal Court:

**§ 1446 Procedure for Removal**

(b) The Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, which ever period is shorter.

The defendant must file the notice of removal within 30 days from the date of the earlier of (a) receipt of a copy of the initial pleading (*see Munsey v. Testworth Laboratories, Inc.,* 227 F.2d 902 (6th Cir. 1955)) or (b) service of the summons if the initial pleading has been filed with the state court.  29 U.S.C. §1446(b).  The principle underlying these limitations is that the time period for removal begins to run when the defendant receives notice of the action, not when the action is commenced.

The time limitations contained in §1446(b) are mandatory and must be strictly construed in accordance with the computation principles set forth in Fed.R.Civ.P. 6.  *See Boyd v. Phoenix Funding Corp.,* 366 F.3d 524 (7th Cir. 2004).

Thus, according to 28 U.S.C. § 1446(b), the Notice of Removal should be filed "within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading . . ."

The Notice of Removal was filed on November 13, 2015, which is 44 days after the Complaint was served on all Defendants (September 30, 2015).  Thus, the removal of the case is untimely and this Court should remand the case.

## II.  The existence of federal question jurisdiction appeared from the allegations of the Complaint.

As is the case with original federal question jurisdiction, the federal claim must appear from the plaintiff's complaint, not from the answer or affirmative defense.  *Hays v. Bryan Cave*

*LLP,* 446 F.3d 712 (7th Cir. 2006). *See Fedor v. Cingular Wireless Corp.,* 335 F.3d 1069 (7th Cir. 2004);

The scope of jurisdiction conferred by 28 U.S.C. §1331 is narrowed by the federal courts' application of a rigid pleading requirement known as the "well-pleaded complaint rule." According to this rule, the existence of federal question jurisdiction must appear from the well-pleaded allegations of the plaintiff's complaint.

Defendants state that they could not remove the case because of administration filings with the EEOC being unknown. Doc. 1. However, Counts I and II of the Complaint specifically reference the federal statutes that raise the sole reason for Defendants removal. Thus, federal jurisdiction is clearly apparent from the face of the Complaint, not from extraneous matters outside of the Complaint's allegations.

WHEREFORE, Plaintiff Cedric Harmon, requests that this Court enter an Order remanding this case to the Third Judicial Circuit, County of Madison, State of Illinois and award any other relief as justice requires.

BRUNTON LAW OFFICE, P.C.

/s/ Michael J. Brunton
Michael J. Brunton, #6200773
Mary M. Stewart, #6200773
Brunton Law Office
819 Vandalia (HWY 159)
Collinsville, IL 62234
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ Michael J. Brunton