IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEDRIC HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01267-JPG-DGW |
| ) | |
| TROUW NUTRITION USA, LLC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 15). Defendants filed a response (Doc. 20) and the Plaintiff filed a reply (Doc. 21). Defendants then filed a Motion (Doc. 26) to Strike Plaintiff's Reply and Plaintiff filed a response (Doc. 27) to the Motion to Strike.

**1. Background.**

According to the complaint, the Plaintiff was employed by Trouw Nutrition USA, LLC ("Trouw") and that during his employment, he was subject to sexual harassment and a hostile work environment. Plaintiff alleges that his supervisor, Jeff Hornberger, made "inappropriate sexual comments, inappropriate touching and humiliation." Plaintiff further alleges that he reported the harassment his supervisor, Luke Isringhausen, who failed to take any corrective action. Trouw terminated the plaintiff's employment on July 14, 2014.

The complaint, which was filed on September 14, 2015, states, "Harmon received a Notice of Right-to-Sue letter from the IDHR and E.E.O.C."[1]  However, the Plaintiff did not actually receive his right-to-sue from the EEOC until October 28, 2015 – over a month after filing his complaint.

---
[1] "IDHR" refers to the Illinois Department of Human Rights.  "EEOC" refers to the Equal Employment Opportunity Commission.

The defendants were all properly served by September 30, 2015 and filed their notice of removal 44 days later on November 13, 2015. Plaintiff now motions for remand arguing that defendants' notice of removal was untimely.

**2. Standard.**

If the case stated by the plaintiff's initial pleading is removable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint. 28 U.S.C. § 1446(b), ¶ 1. If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b), ¶ 3. If the notice of removal is defective for failure to meet the time requirements, the Court should remand the case pursuant to 28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied- Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

**3. Analysis.**

    a. **Motion to Strike.**

The Court will first address the Defendants' Motion to Strike. Local Rule 7.1(c)(2) provides that, "**[r]eply briefs are not favored and should be filed only in exceptional circumstances**. The party filing the reply brief shall state the exceptional circumstances." (*emphasis in original*). Defendants argue that the Plaintiff was not granted leave to file a reply brief nor did the Plaintiff state any exceptional circumstances.

The Plaintiff argues that he, "is not aware of any absolute prohibitions on filing a 'Reply' Brief." Plaintiff further argues that the estoppel issue was raised for the first time in the defendants' response and as such, a reply was necessary to address the issue.

The Plaintiff is correct that there is no "absolute prohibition" against filing reply briefs and that leave of court is not required. However, the local rule clearly states that the reply brief *shall* state the exceptional circumstances. If the Plaintiff had stated the exceptional circumstances within his reply brief – and not in a response to the motion to strike - the Court may have considered the reply.

The Plaintiff did not state the exceptional circumstances in his reply brief as required by Local Rule 7.1(c)(2). Therefore, Defendants' Motion (Doc. 26) to Strike Plaintiff's Reply is **GRANTED** and Plaintiff's Reply (Doc. 21) is **STRICKEN**.

b. **Motion for Remand**.

Plaintiff filed his complaint on September 14, 2015 and received a right-to-sue letter from the EEOC on October 28, 2015. In this complaint, Plaintiff stated, "Harmon received a Notice of Right-to-Sue letter from IDHR and E.E.O.C." He further stated that, "Harmon filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter." (Doc. 1-1, pg 2, paragraphs 12 & 13.) The pleadings were signed by the Plaintiff's counsel.

The Court would first like to address the representation in the pleadings that a right-to-sue letter had been issued. Federal Rule of Civil Procedure 11 states that every pleading must be signed by at least one attorney if the party is represented. Rule 11 further provides that by signing the pleadings, the attorney is verifying to the court that, "the factual contentions have evidentiary support." Fed.R.Civ.P 11(a)-(b)(3). "[A]n inquiry reasonable under the circumstances" should have required plaintiff's counsel to have received and reviewed a copy of

the right-to-sue letter prior to preparing the pleadings and representing to this court – and opposing parties – that a right to sue letter had been issued. It further appears, from the exhibits provided, that the plaintiff's counsel did not correct his pleadings after a determination that a right-to-sue letter had not been issued. Therefore, the Court cautions plaintiff's counsel to ensure only proper and correct pleadings are filed with this Court.

That said, defendants argue that this matter did not become removable until such time as the right-to-sue letter was issued. Exhaustion of administrative remedies is a precondition to a Title VII suit, but it is not a jurisdiction requirement and is therefore subject to the equitable doctrines of waiver, estoppel and equitable tolling. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *Ameritech Ben. Plan Comm. v. Communication Workers of Am.*, 220 F.3d 814, 819 (7th Cir. 2000), *cert. denied*, 121 S. Ct. 883 (2001); *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). A Title VII defendant may plead and prove as an affirmative defense a plaintiff's failure to exhaust administrative remedies, but if it does not, a court still has jurisdiction to hear the Title VII suit. *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001); *see Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citing *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)), *cert. denied*, 121 S. Ct. 2214 (2001).

As stated above, determination of removal is based on plaintiff's initial pleading. Plaintiff's complaint clearly alleges a Title VII action to which this court had jurisdiction to hear and which was removable within 30 days. 28 U.S.C. § 1446(b), ¶ 1. As exhaustion of administrative remedies is an affirmative defense, after removal, defendants were then entitled to motion for dismissal[2] of those counts in which administrative remedies were not exhausted.

---

[2] Defendants filed a Motion to Dismiss (Doc. 9) Counts V, VII, VIII, and IX of Plaintiff's Complaint, but did not include a request for dismissal of the Title VII claim for plaintiff's failure to receive a right-to-sue letter prior to filing suit.

Defendants cite to *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), which stated that, "[t]he moment a case becomes removable and the moment the 30–day removal clock begins to run "are not two sides of the same coin." *Id.* at 824, quoting *Kuxhausen v. BMW Fin. Servs.,* 707 F.3d 1136, 1141.  In *Walker*, the plaintiff did not plead specific damages, but a percentage of profits, which resulted in the question of whether the damages sought meet the jurisdictional threshold for removal of a class action.  *Walker* went on to state that, "[t]he 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable."  *Id.* at 821.

In the case at bar, the plaintiff's initial pleadings "affirmatively and unambiguously" revealed that the case was removable – regardless of whether the pleadings were correct.  "Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id.* at 825.  We are not aware of how the defendants came to know that the plaintiff had not received a right-to-sue prior to filing suit, but regardless, it was an inquiry that went beyond the pleadings.  Removal is based on the face of the initial pleading and not on any subsequent inquiry or information.

Defendants also cite to numerous cases that hold that a plaintiff must receive a right–to-sue prior to filing suit and that a right-to-sue letter is a requirement before a Title VII claim can be brought in federal court.  That is correct; however, all the cited cases involve various motions filed after the initial pleadings (*Conner v. Illinois Dept. of Resources*, 413 F.3d 675 (motion to strike); *Glenn v. Terminal R.R. Ass'n of St. Louis*, 2015 WL 4272970 (S.D.Ill. July 14, 2015)(motion for summary judgment);  *Basil v. CC Servs., Inc.*, 2012 WL 3686797 (N.D.Ill. Aug. 23, 2012)(motion to dismiss); *Wanda Heard v. U.S. Steel*, 2006 WL 3775942 (S.D.Ill. Dec.

21, 2006)(motion to dismiss)). As stated above, the defendants are entitled to motion for dismissal or to bring as an affirmative defense the plaintiff's failure to obtain a right-to-sue letter. The defendants are not; however, allowed to toll the 30 day removal period when the initial pleadings indicated that the case was removable.

The defendants next argue that the Plaintiff is estopped from objecting to the removal. In a telephone conversation on October 26, 2015, defendant's counsel states that the plaintiff's counsel advised him that the plaintiff, "would dismiss the Title VII claims against Trouw and the IHRA claim against Mr. Hornberger" the following day.

The doctrine of estoppel requires proof of the following six elements:

(1) words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. *Willowbrook Development Corp. v. Pollution Control Bd*. (1981), 92 Ill.App.3d 1074, 1079, (2nd Dist. 1981), *quoting Stewart v. O'Bryan* 50 Ill.App3d 108, 110, (1977).

In this matter, the words by the plaintiff would be the statement that he would be dismissing the Title VII claims on October 27, 2015[3]. Defendant alleges that the Plaintiff knew this statement to be untrue and that the defendants did not know the statement to be false at the time the statement was made or acted upon. However, even if the defendants did not know the statement was false on October 26 (when the statement was made), or on October 27 (when plaintiff did not dismiss as indicated), the plaintiff's email of October 28 states, "I am still deciding whether to dismiss Counts 1 and 2 because we will have a Notice of Right to Sue. We may, or may not, dismiss the Counts anyways. I will have a better idea tomorrow morning after I talk to Mr. Harmon." (Doc. 20-3).

It is clear at this point that the plaintiff's counsel, although he had indicated he was going to dismiss, had second thoughts about dismissing any claims. "I am still deciding" and "may, or may not" should have indicated to the defendants that the plaintiff's prior statement was false and could not be relied upon. Therefore, the second element that the defendants knew the statement to be false when they acted upon it and failed to remove cannot be sustained. Defendants still had two days in which to file the removal notice and did not do so.

The Court sincerely hopes that this was an incident of simple miscommunication. Professional conduct between counsels is expected. "I believe it is an established maxim in morals that he who makes an assertion without knowing whether it is true or false is guilty of falsehood, and the accidental truth of the assertion does not justify or excuse him." *Abraham Lincoln.*

---

[3] The Court is not making a credibility determination with regard to this statement, but is taking the defendant's representation of this statement as true for the sake of the argument. However, if given the opportunity, the plaintiff's counsel may have presented a different version of statements made.

4.  **Conclusion.**

For the foregoing reasons, Defendants' Motion (Doc. 26) to Strike Plaintiff's Reply is **GRANTED** and Plaintiff's Reply (Doc. 21) is **STRICKEN**. Plaintiff's Motion for Remand (Doc. 15) is **GRANTED** and this matter is **REMANDED** to the Circuit Court, Third Judicial Circuit, Madison County, Illinois. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** 4/5/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**